Brandon T. Crowther (14164)
UTAH RISK MANAGEMENT AGENCY
502 E. 770 N.
Orem, UT 84097
Telephone: 801-531-5996
brandon.crowther@urma.gov
*Attorney for Defendants Layton City and*
*Layton City Police Department*

---

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR DISTRICT OF UTAH CENTRAL DIVISION

---

| | |
|---|---|
| ROBERT FOWERS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>    Defendants. | **DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Case No. 1:26-cv-00026<br><br>Judge Daphne A. Oberg<br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Layton City and Layton City Police Department (collectively "Defendants") move to dismiss Plaintiff Robert Fowers' Amended Complaint against them.

### RELIEF REQUESTED AND GROUNDS FOR RELIEF

This case arises from Plaintiff's allegations that his constitutional rights were violated as a result of actions an events leading up to a January 24, 2017 decision where allegedly a court found Respondent failed to notify the IRS, mortgage holders, and lienholders as required by law. Plaintiff's claims fail for three reasons: (1) he has failed to allege any conduct against Defendants that would support and claim for relief; and (2) Plaintiff's claims were filed over nine years after the latest event, January 24, 2017, which is past the statute of limitations for all

claims; and (3) Plaintiff's state law claims are barred based on plaintiff's failure to comply with the Utah Governmental Immunity Act.

"[A]ll section 1983 claims brought in federal court in Utah are subject to the four-year limitations period." *Mismash v. Murray City*, 730 F.2d 1366, 1367 (10th Cir. 1984). Similarly, while "the Utah Constitution does not specify any express limitation period, the four-year residual statutory limit controls [a plaintiff's] state constitutional claim…" *Buck v. Utah Lab. Com'n*, 73 Fed. Appx. 345, 348 (10th Cir. 2003). Accordingly, Plaintiff's federal claims are barred by the statute of limitations. Plaintiff's state claims are

**ARGUMENT**

I.    **PLAINTIFF HAS FAILED TO ARTICULATE A CLAIM AGAINST DEFENDANTS.**

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action must be dismissed if it fails "to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain: ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. While "a court must accept as true all of the allegations contained in a complaint," it should not do so for mere "legal conclusions." *Id*. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Here, the Amended Complaint leaves everything to the imagination. It is not clear at all what Defendants are alleged to have done. Indeed, Defendants could not even answer this complaint as they have no understanding of their alleged involvement in whatever happened or why they are named Defendants in this lawsuit. The Amended Complaint strips out even the bare minimum allegations that were provided in the original complaint. Plaintiff's allegations fall far short of what is required to plead a claim for relief, and the Amended Complaint must be dismissed.

## II.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyoming Medical Ctr., Inc.*, 524 Fed. Appx. 411, 413 (10th Cir. 2013) (internal quotation marks omitted) (internal citations omitted). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Airlines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotation marks omitted) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's § 1983 claims are barred by Utah Code § 78B-2-307(3), requiring such claims to be brought before four years have elapsed from the time the claim arose. See Utah Code § 78B-2-307(3). "The text of § 1983 does not contain a statute of limitations." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). Instead, "[t]he statute of limitations for

claims under § 1983 is drawn from the personal-injury statute of the state in which the federal district court sits." *Lyons v. Kyner*, 367 Fed. Appx. 878, 881 (10th Cir. 2010). Thus, in Utah "all section 1983 claims brought in federal court in Utah are subject to the four-year limitations period." *Mismash v. Murray City*, 730 F.2d 1366, 1367 (10th Cir. 1984). Because Plaintiff alleges that the conduct culminated in a Court finding that "Respondent failed to notify the IRS, mortgage holders, and lienholders as required by law" on January 24, 2017, Plaintiff should have filed his federal claims at the latest by January 24, 2021. Plaintiff did not do so, and his claims are barred. Similarly, Plaintiff's state law claims are barred, no matter what cause of action they are brought under, because the longest statute of limitations for civil actions is six years. *See* Utah Code § 78B-2-101 *et seq.* Thus, this Court should dismiss the Amended Complaint against Defendants.

**III. PLAINTIFF'S STATE LAW CLAIMS ALSO MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE UTAH GOVERNMENTAL IMMUNITY ACT.**

Pursuant to Utah Code § 63G-7-402,

> A claim against a governmental entity, or against an employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority, is barred unless notice of claim is filed with the person and according to the requirements of Section 63G-7-401 within one year after the claim arises regardless of whether or not the function giving rise to the claim is characterized as governmental.

Plaintiff has not alleged in the Amended Complaint that he filed a notice of claim in accordance with the Utah Governmental Immunity Act ("UGIA").

Further, even if Plaintiff had filed a notice of claim, the UGIA requires that "a claimant shall commence the action within two years after the claim arises." Utah Code § 63G-7-403(2)(b).

According to the original complaint, the actions complained of occurred on January 24, 2017.[1]

Therefore, Plaintiff needed to bring any action no later than January 24, 2019.

At this point, Plaintiff's failure to comply with the UGIA is a complete bar to Plaintiff's claim as the statutory time to file a notice of claim has passed and the time to commence an action has passed. Accordingly, Plaintiff's claim against Defendants must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the Court should grant Defendants' motion to dismiss Plaintiff's Complaint with prejudice.

DATED this 9th day of July, 2026.

UTAH RISK MANAGEMENT AGENCY

By /s/ Brandon T. Crowther
    Brandon T. Crowther
*Attorney for Defendants Layton City and*
*Layton City Police Department*

---

[1] The amended complaint omits any timelines for the allegations.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2026, I electronically filed the foregoing

**MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of Court via e-filing, and

sent notification of such filing to the following via regular mail and email:

Robert Fowers
492 S. Angel Street, Ste A
Layton, UT 84041

fowershome@gmail.com

/s/ Amelia R. Robinson